Filed 6/3/25  Carney v. Guimaraes CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LUPE CARNEY et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> PEDRO D. GUIMARAES et al., <br><br> Defendants and Respondents. | 2d Civ. No. B332275 <br> (Super. Ct. No. 20CV-0374) <br> (San Luis Obispo County) |

Plaintiffs appeal a judgment entered pursuant to the grant of a motion for summary judgment in favor of defendants.  We affirm under the doctrine of collateral estoppel.

FACTS

In February 2019, Keith Murphy came to Central Coast Behavioral Health, Inc. (Central Coast) seeking treatment for depression, anxiety, and insomnia. He was not seeking treatment for drug addiction.  In fact, he denied current use of illegal drugs or marijuana.  Murphy was treated by nurse practitioner, Suzan Williams.  Pedro Guimaraes, an employee of Central Coast, was

1

Williams's supervising physician. Williams gave Murphy prescriptions for Cymbalta, Seroquel and Clonazepam.

On August 11, 2019, Murphy was found dead on the floor of his apartment. The San Luis Obispo County Medical Examiner concluded Murphy died from ingesting cocaine, methamphetamine, and heroin. None of those drugs had been prescribed for Murphy. The medications prescribed by Williams were not found in Murphy's system.

Murphy's mother Lupe Carney, and father, Keith Murphy, Sr. (collectively Carney), sued Central Coast, Guimaraes and Williams for wrongful death based on medical negligence. The complaint alleged that Williams was negligent in prescribing Clonazepam without close monitoring to someone who has a history of abusing illegal drugs because there is a foreseeable risk of relapsing into illegal drug use. The complaint further alleged that Guimaraes was negligent in supervising Williams.

The trial court granted Williams's motion for summary judgment. The court concluded Williams was not negligent, did not violate the standard of care, and did not cause Murphy's death. Carney filed an appeal but dismissed it.

Central Coast and Guimaraes (hereafter collectively Guimaraes) moved for summary judgment in the instant action. The motion was based on the doctrine of res judicata arising from Williams's motion for summary judgment. Guimaraes provided the same expert declaration that Williams used in her successful motion.

In opposition, Carney submitted an expert declaration stating in essence that Guimaraes did not properly supervise Williams because she missed signs that indicated Murphy needed closer monitoring. Guimaraes raised a number of objections to

2

the declaration. The trial court sustained the objections and granted Guimaraes's motion for summary judgment.

## DISCUSSION

### *Standard of Review*

Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The trial court must draw all reasonable inferences from the evidence set forth in the papers except where such inferences are contradicted by other inferences or evidence that raise a triable issue of fact. In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed and those of his or her opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19.)

The moving party has the initial burden of showing that one or more elements of a cause of action cannot be established. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) Where the moving party has carried that burden, the burden shifts to the opposing party to show a triable issue of material fact. (*Ibid.*) Our review of the trial court's grant of the motion is de novo. (*Id.* at p. 767.)

### *Collateral Estoppel*

Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) The application of collateral estoppel has five threshold requirements. "First, the issue sought to be precluded from relitigation must be identical to that decided in a

3

former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." (*Ibid.*)

In spite of the trial court's reliance on collateral estoppel in granting Guimaraes' motion for summary judgment, Carney fails to mention it in her opening brief.  It is only in her reply brief that she challenges the application of collateral estoppel, and only on the element of identical issue.

Negligence requires a breach of duty and causation.  (*Kim v. County of Monterey* (2019) 43 Cal.App.5th 312, 324.)  Here the judgment in favor of Williams conclusively establishes there was no breach of a duty to Murphy – he received the appropriate treatment – and the treatment he received was not a substantial factor in his death.

The issues are identical to the issues in the cause of action against Guimaraes for negligent supervision of Williams.  Given that Murphy received the appropriate treatment, and the treatment was not a substantial factor in his death, any failure to supervise Williams is irrelevant.

Carney argues Guimaraes can be more negligent than Williams.  The argument misses the point.  No matter how negligent Guimaraes may have been, it has been conclusively established that Williams provided the appropriate treatment and the treatment Williams provided was not the cause of Murphy's death.

4

Carney argues Guimaraes did not produce sufficient evidence to shift the burden of showing a triable issue of fact to her.  But the judgment in favor of Williams conclusively eliminated any triable issues of fact.

We need not discuss whether the trial court properly sustained Guimaraes's objections to Carney's expert's declaration.  The declaration amounted to nothing more than a collateral attack on the judgment in favor of Williams.

DISPOSITION

The judgment is affirmed.  Costs are awarded to respondents.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

5

Martin C. Suits, Judge

Superior Court County of San Luis Obispo

_____

The Law Office of John B. Richards and John B. Richards for Plaintiffs and Appellants.

Bonne, Bridges, Mueller, O'Keefe & Nichols, Joel Bruce Douglas and Edward Idell for Defendants and Respondents.